

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **In re Virginia P.B. White,** | * | Case No. 09-13663-NVA |
| | | Chapter 7 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER OVERRULING CHAPTER 7
TRUSTEE'S OBJECTION [DOC. 22] TO DEBTOR'S CLAIM OF EXEMPTIONS**

The Court has before it the Objection [22] to Debtor's Claim of Exemptions filed by George Liebmann, the Chapter 7 Trustee herein (the "Chapter 7 Trustee"), as well as the Debtor's Response [33] to the Chapter 7 Trustee's Objection to Exemptions, the Trustee's Legal Memorandum [40] in Support of Objection to Exemptions, the Opposition [45] of PNC Bank to the Chapter 7 Trustee's Objections to the Debtor's Claim of Exemptions to the Spendthrift Trust and the Response [48] by the Chapter 7 Trustee to Debtor's Opposition.  An evidentiary hearing was held on this matter on April 26, 2010.  For the reasons that follow, and in consideration of the foregoing papers, the evidence presented at the hearing on this matter, the arguments of counsel, the record in this case and existing legal authority, the Court determines that the Chapter 7 Trustee's Objection to the

Debtor's Claim of Exemptions in her spendthrift trust should be, and is hereby, overruled.

## I.     FACTS

On March 5, 2009, Virginia White, the debtor herein (the "Debtor") filed a petition for relief under chapter 7 the United States Bankruptcy Code. She filed Schedule C listing as exempt her "6.25% interest" (less $1.00) as "income beneficiary of Residuary Trust of Miles and Virginia White." The parties agree that this trust is a spendthrift trust under which the Debtor is a current income beneficiary by virtue of the wills of two of her grandparents. A subsequent Circuit Court Order for Baltimore City dated October 25, 2004 merged the trusts of the two decedents under which the Debtor is the beneficiary (the "Trust"). According to the Debtor's schedules, the Trust generates approximately $1,500 per month. This is not the Debtor's only income; she is employed full-time as a teacher.

As part of her bankruptcy case, the Debtor scheduled approximately $190,000.00 in outstanding obligations. These obligations consist of the following types of debt in the following approximate amounts: (1) $29,377.78 in state and federal tax debt, (2) $51,569.90 in student loan debt that is guaranteed by a government agency, (3) $1,774.11 in medical debt and (4) $107,606.46 in credit card debt.

The Chapter 7 Trustee objects to the Debtor's attempt to exempt her interest in the Trust and asserts that he can attach her interest, not generally, but to satisfy certain creditors including tax creditors and student loan creditors. In support of his argument, the Chapter 7 Trustee cites, *inter alia*, *Duvall v. McGee*, 375 Md. 476, 491 fn. 10 (2003) (explaining that alimony and child support claimants can reach a beneficiary's interest in a spendthrift trust); *Mercantile Trust v. Hoffer Bert*, 58 F. Supp. 701 (D.Md. 1944) (allowing the IRS to reach spendthrift trust assets). The Chapter 7

Trustee contends that student loan obligations can be likened to tax obligations because both types of debt have a public aspect. While student loan debts are not direct loans from the United States government, many are guaranteed by an agency of the United States government. The Chapter 7 Trustee would also have the Court permit the Trust to satisfy claims of creditors relating to "necessaries," and permit the Trust to be invaded in order to satisfy the Debtor's credit card obligations to the extent that these debts were incurred for expenditures necessary for her support.

The Debtor opposes the Chapter 7 Trustee's objection and argues that the corpus of the Trust is not subject to the claims of creditors and cannot be administered by the Chapter 7 Trustee because the Trust never became property of the estate based on the operation of 11 U.S.C. § 541 (c) (2).[1] Alternatively, the Debtor argues that even if the Trust became property of the estate, the corpus of the Trust is fully exempt and the Chapter 7 Trustee seeks to read into Maryland law exceptions regarding spendthrift trusts that simply do not exist and that no Maryland court has ever applied. The Debtor points specifically to the Chapter 7 Trustee's efforts to administer the Trust assets to pay for creditors with claims for necessaries and student loans.[2]

PNC Bank, the trustee under the Trust, (the "Spendthrift Trustee"), also opposes the Chapter 7 Trustee's Objection to Exemptions. It takes the position that, without breaching its fiduciary obligations, it cannot distribute any portion of the corpus of the Trust to the Chapter 7 Trustee for

---

[1] Section 541 (c) (2) provides as follows:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

[2] The application of the underlying state law (in this case Maryland law) is important because section 541 (c) (2) specifically enforces the integrity of a trust to the extent that it is enforceable under state (nonbankruptcy) law. Accordingly, an exception must exist under state law to reach the corpus of a spendthrift trust. *See, e.g., in re Metz*, 225 B.R. 173 (9th Cir. B.A.P. 1998)

administration of this estate and distribution to creditors. The Spendthrift Trustee argued consistently with the Debtor regarding the substantive law governing this case and opposed all efforts by the Chapter 7 Trustee to distribute the interest or the corpus of the Trust to the Chapter 7 Trustee.

The Chapter 7 Trustee responds that under the strong-arm provisions of the Bankruptcy Code, 11 U.S.C. § 544, he is entitled to step into the shoes of a creditor for the purposes of invading the Trust. He also points out that the Maryland Court of Appeals, in *Duvall v. McGee*, *supra*, has cited the *Restatement of Trusts* (which recognizes the necessaries exception) with approval.

## II. DISCUSSION

There is no dispute that the Trust at issue in this case is a valid spendthrift trust under Maryland law. Section 541 (a) (1) declares that "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." A specific exception to the seemingly-all inclusive definition of "property of the estate" is found in § 541 (c) (2) which states that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." Spendthrift trusts are generally recognized to fall under this exception to property of the estate. *See, In re McLean*, 762 F.2d 1204, 1206 (4th Cir. 1985) (stating that interests of a debtor that are subject to an enforceable transfer restriction are not estate property.) *See also, In re Katz*, 220 B.R. 556 (Bankr. E.D. Pa. 1998) and cases cited therein.

Maryland law generally upholds the sanctity of spendthrift trusts and keeps their assets impenetrable from the collection attempts of creditors. *Hoffman Chevrolet, Inc. v. Washington County Nat'l Savings Bank*, 297 Md. 691 (1983). As a matter of policy, however, Maryland courts

have permitted spendthrift trusts to be invaded in order to allow satisfaction of certain types of claims, *e.g*. tax claims and domestic claims. *Duvall v. McGee*, *supra*. The rationale for this exception is based on the notion that claimants holding these types of claims are not so much owed a debt as they are owed a duty, and, as such, they are thus not "creditors" in the traditional sense. *See id.*

Although the Chapter 7 Trustee concedes that there are not tax or domestic claims at issue in this case, he argues that the same considerations are at issue here. Specifically, he argues that the Debtor owes money for student loans, which he characterizes as another type of public debt, and that the Debtor also owes money for "necessaries," a type of debt that some states (but not Maryland) have found a type of debt for which a spendthrift trust may be invaded. Accordingly, the Court must determine whether the Chapter 7 Trustee has the power to assert these claims on behalf of one or all of these creditors, and invade the Trust.

The Trustee asserts that his strong-arm powers permit him to stand in the shoes of any creditor. These powers are derived from section 544 of the Bankruptcy Code. This section provides in pertinent part:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any *transfer of property of the debtor or any obligation incurred by the debtor* that is voidable by -
>
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists.

11 U.S.C. § 544 (a) (1).

(Emphasis added).

A number of courts have considered the argument that § 544 provides a possible basis for invasion of a spendthrift trust by a chapter 7 trustee, but have rejected it because § 544 specifically contemplates the avoidance of any transfer of property *by the debtor*. Because spendthrift trust property does not come into the estate in the first instance, it never becomes property of the estate. *See In re Cypert*, 68 B.R. 449, 451 (Bankr. N.D. Tex. 1987) (rejecting trustee's strong-arm argument and finding that spendthrift trust assets did not come into estate); *In re Katz, supra*, (finding that spendthrift trust was not reachable to any extent by chapter 7 trustee and commenting "[r]egardless of what an individual creditor may be empowered to do under state law, or in federal court sitting in diversity and applying state substantive law under non-bankruptcy principles, no similar rights or claims reside in a bankruptcy trustee."); *In re Evans*, 88 B.R. 813, 817 (Bankr. M.D. Tenn. 1988) ("No decision has been found allowing a trustee in bankruptcy to hypothesize a unique creditor with powers to invade a spendthrift trust.").

This Court finds persuasive the reasoning of *In re Finley*, 286 B.R. 163 (Bankr. W.D. Wash. 2002). In reliance on underlying state (Washington) law,[3] the trustee in *Finley* argued that he should be permitted to step into the shoes of a hypothetical creditor who had supplied necessaries to the debtor and in that role he should be permitted to invade the debtor's spendthrift trust. The creditor whose role the trustee wished to assume was admittedly hypothetical and the trustee wished to assume this hypothetical creditor had supplied necessaries to the debtor in an amount sufficient

---

[3] The court in *Finley* pointed out that the Washington spendthrift trust law permits the invasion of a spendthrift trust for necessaries. Finley at 167 - 168. This Court need not reach the contours of the Maryland exemptions for spendthrift trusts based on its analysis of the interplay of §§ 544 (a) and 541 (c) (2).

to pay *all* of the claims of the estate. *Id*. at 166. In the alternative, the trustee was willing to limit his claim against the spendthrift trust to the amount of claims actually filed against the estate by claimants who had supplied necessaries to the debtor. *Id*. at 167.

The court first distinguished the nature of the administration of assets in state court from the nature of administration of assets in bankruptcy court. In state court, a trust could be invaded to pay some creditors in preference to others. In bankruptcy, however, similarly-situated creditors must be treated similarly and there is no mechanism for distributing the assets of a spendthrift trust to a preferred constituency of creditors while leaving some unpaid or paid less. *Id*. Accordingly, the *Finley* Court opined that this distinction in treatment of creditors could be construed to give the bankruptcy trustee the broad authority he sought and allow him to invade the trust in the full amount necessary to pay all claims. *Id*. The problem with such a result, the *Finley* court pointed out, is that it reads § 544 in isolation and eviscerates § 541 (c) (2).

This Court agrees with the conclusion in *Finley* - - that under the equality of distribution scheme and other principles of bankruptcy law a bankruptcy trustee cannot be permitted to step into the shoes of a preferred class of creditors through the strong-arm provisions in order to seize the assets of a spendthrift trust.

Quite simply, section 544 (a) cannot be read as to extend so far as to render section 541 (c) (2) meaningless and to vitiate bedrock bankruptcy principles of equality of distribution. To give voice to both § 544 (a) and § 541 (c) (2), this Court must deny, as has every reported case of which this Court is aware, the chapter 7 trustee's use of his strong-arm powers to invade a spendthrift trust. Accordingly, the Chapter 7 Trustee may not exercise his strong-arm powers to invade the assets of the Trust. Although the Court finds that a reading of § 544 (a) and § 541 (c) (2) do not permit this

result, the Court is also loathe to order such relief in these circumstances where (i) such a result would lead to inequality of distribution among creditors who share the same status in this bankruptcy case and (ii) the "necessaries" and "student loan" exceptions to the sanctity of a spendthrift trust that the Chapter 7 Trustee would rely upon to justify his penetration of the spendthrift trust have not been recognized by any court in Maryland.

Accordingly, for the foregoing reasons, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

ORDERED that the Objection [22] to Debtor's Claim of Exemptions filed by George Liebmann, the Chapter 7 Trustee herein is OVERRULED.


cc:    George W. Liebmann, Chapter 7 Trustee
       Kenneth F. Davies, Esquire
       Darek Bushnaq, Esquire
       Virginia P.B. White, Debtor


**END OF ORDER**